UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) |

MDL No. 2:18-mn-2873-RMG

This filing relates to:
Case No. 2:25-cv-10305-RMG

**DEFENDANTS CARLISLE WW HOLDINGS, LLC AND CARLISLE PARTNERS, LLC'S GENERAL DENIAL AND STATEMENT OF AFFIRMATIVE DEFENSES**

NOW COME Defendants Carlisle WW Holdings, LLC and Carlisle Partners, LLC (collectively, "Carlisle"), by and through the undersigned counsel, and hereby submits this General Denial and Statement of Affirmative Defenses, pursuant to Case Management Order No. 20 (Dkt. 2003):

**GENERAL DENIAL**

Carlisle denies each and every allegation set forth against it and demands strict proof thereof. Carlisle reserves the right to assert counterclaims, crossclaims, and/or third-party claims, and further reserves the right to file a formal Answer or other responsive pleading, as permitted by the Federal Rules of Civil Procedure and/or allowed by this Court.

**AFFIRMATIVE DEFENSES**

Carlisle asserts the following defenses in response to the allegations and causes of action asserted in the Amended Complaint:

1. The Amended Complaint fails to state a claim upon which relief can be granted against Carlisle; therefore, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. Plaintiff lacks standing to assert the causes of action alleged in the Amended Complaint.

3. Plaintiff has not suffered any injury-in-fact; therefore, the Amended Complaint should be dismissed.

4. Plaintiff's causes of action are barred because they are not real parties in interest and/or lack capacity to bring the alleged causes of action, including those asserted on behalf of their customers and those brought as *parens patriae*.

5. Plaintiff's causes of action are premature and not yet ripe.

6. Plaintiff has failed to name one or more indispensable parties pursuant to Fed. R. Civ. P. 19(a).

7. Plaintiff's causes of action may be barred by the applicable statute of limitations and/or statute of repose.

8. Plaintiff has failed to mitigate any alleged damages as required by law.

9. Plaintiff's alleged damages, if any, are hypothetical or speculative in nature.

10. Plaintiff has not suffered any damages.

11. Plaintiff's causes of action are barred by unclean hands, laches, waiver, and/or estoppel.

12. Plaintiff's causes of action are barred by the doctrines of acquiescence, accord, satisfaction, settlement, and/or release.

13. Plaintiff's causes of action are preempted by applicable state and/or federal law.

14. Plaintiff's causes of action are barred for failure to exhaust all administrative remedies.

15. There is no causal connection between Plaintiff's alleged damages, if any, and the alleged actions or inactions of Carlisle.

16. At all relevant times, Carlisle acted in good faith, with due care, and in accordance with any duty of care owed to Plaintiff.

17. Plaintiff's alleged damages, if any, were not reasonably foreseeable to Carlisle.

18. Plaintiff's alleged damages, if any, were solely and proximately caused by the conduct of other parties and/or non-parties, with such conduct constituting intervening and/or superseding causes.

19. Carlisle cannot be held jointly or severally liable for one or more of the causes of action asserted in the Amended Complaint.

20. Plaintiff's causes of action are barred or must be reduced due to its comparative negligence.

21. Plaintiff's causes of action are or may be barred by the economic loss rule.

22. Plaintiff's causes of action are or may be barred by the municipal cost recovery rule.

23. Plaintiff's cause of action for private nuisance fails as a matter of law because any alleged contamination of a public water body cannot form the basis of a claim for private nuisance.

24. Plaintiff's causes of action for nuisance are or may be barred because its alleged injuries or damages, if any, are no different than those suffered by the general public, if any.

25. Plaintiff's causes of action for nuisance are or may be barred by the doctrine of coming to the nuisance.

26. Plaintiff's causes of action for nuisance are or may be barred by the doctrine of voluntary exposure.

27. Plaintiff's causes of action are or may be barred by the doctrine of consent.

28. Plaintiff's causes of action are or may be barred by its assumption of the risk.

29. Plaintiff's cause of action for trespass fails because there was no intentional, unauthorized invasion by Carlisle against Plaintiff's property interest and because any invasion, as alleged, is intangible in nature.

30. Plaintiff's cause of action for trespass fails because Plaintiff does not have a right to exclusive possession of the property at issue.

31. Plaintiff's cause of action for trespass fails because Carlisle did not—and has not—entered or impacted Plaintiff's water supply without permission or legal privilege.

32. Plaintiff's cause of action for negligence fails because no legally cognizable duty exists between Plaintiff and Carlisle.

33. Plaintiff's causes of action are or may be barred by the doctrines of res judicata and/or collateral estoppel.

34. To the extent Carlisle is liable to Plaintiff under any cause of action, an allegation that has been and is again expressly denied, Carlisle is entitled to a setoff, offset, allocation, indemnification and/or contribution, and any such liability shall be limited in accordance with the South Carolina Contribution Among Tortfeasors Act. *See* S.C. Code Ann. § 15-38-10, *et seq.*

35. Plaintiff's alleged exposure to PFAS discharged from Carlisle's properties, if any, is too remote, indefinite, and de minimis to prove a causal connection between any alleged discharge and Plaintiff's alleged damages, if any.

36. The Amended Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff against Carlisle. Any such award would violate constitutional protections afforded to Carlisle. Carlisle hereby demands that any proceeding related to a determination of punitive damages against it be bifurcated from any trial on the merits of Plaintiff's causes of action.

37. Plaintiff's causes of action are or may be barred because, at all times relevant to the allegations in the Amended Complaint, Carlisle complied with all applicable laws.

38. Plaintiff's causes of action against Carlisle are or may be barred because Carlisle did not own, operate, control, or otherwise engage in any of the activities alleged in the Amended Complaint.

39. The relief sought by Plaintiff in this action is within the purview of federal, state, and local governments, legislative bodies, and related agencies; therefore, the Court should decline to exercise jurisdiction over this action based on the doctrines of primary jurisdiction, abstention, and/or separation of powers.

40. Plaintiff's causes of action are barred to the extent they seek to impose retroactive liability against Carlisle for alleged actions that occurred before Carlisle purchased the real properties at issue.

41. Plaintiff's recovery on any alleged trespass or nuisance is limited to the lost rental value of Plaintiff's real property interest.

42. Plaintiff's causes of action are barred to the extent Plaintiff cannot establish its alleged injuries or damages, if any, were caused by PFAS attributable to Carlisle's properties.

43. Plaintiff is not entitled to an award of attorney's fees or costs.

44. Plaintiff is not entitled to any injunctive relief because Plaintiff has an adequate remedy at law.

45. Carlisle hereby adopts any other applicable defense pled by any other defendant in this action.

46. Carlisle reserves the right to amend this Answer and raise any further defenses as may be revealed during this litigation.

WHEREFORE, having fully responded to the Amended Complaint, Carlisle respectfully requests that this Court dismiss all causes of action asserted against it and award any other relief deemed just and proper.

This the 18th day of September, 2025.

s/ William J. Farley III
William J. Farley III (Fed. Bar No. 12004)
TROUTMAN PEPPER LOCKE LLP
301 S. College Street, Suite 3400
Charlotte, North Carolina 28202
Telephone: 704.998.4099
Email: will.farley@troutman.com

*Counsel for Carlisle WW Holdings, LLC and Carlisle Partners, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing General Denial and Statement of Affirmative Defenses was electronically filed using the Court's CM/ECF system, which will automatically send notice of the same to all registered counsel of record.

This the 18th day of September, 2025.

                                            s/ William J. Farley III
                                            William J. Farley III (Fed. Bar No. 12004)
                                            TROUTMAN PEPPER LOCKE LLP
                                            301 S. College Street, Suite 3400
                                            Charlotte, North Carolina 28202
                                            Telephone:  704.998.4099
                                            Email:  will.farley@troutman.com

                                            *Counsel for Carlisle Partners, LLC and Carlisle WW Holdings, LLC*